## IN THE UNITED STATES COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **PATRICK GORMAN,** | : | |
| **MICHAEL LABONTE,** | : | |
| **ADAM PONTBRIANT,** | : | |
| **and THOMAS RYAN** | : | |
| | : | |
| **v.** | : | **C.A. No.** |
| | : | |
| **LONSDALE FIRE DISTRICT** | : | |

## COMPLAINT

1.      This action is brought by four (4) former employees of the Lonsdale Fire District ("the District").

2.      Plaintiffs bring this action for declaratory judgment, overtime pay, liquidated damages and other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA").

3.      Defendant's willful violations of the FLSA include intentionally failing and refusing to pay Plaintiffs all compensation due them under the FLSA and its implementing regulations.

## JURISDICTION AND VENUE

4.      This Court has Jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

5.      Declaratory Relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

6.      This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7.      Plaintiffs Patrick Gorman ("Gorman"), Michael LaBonte ("LaBonte"), Adam Pontbriant ("Pontbriant"), and Thomas Ryan ("Ryan") were, at all relevant times, "employees" of the District within the meaning of the 29 U.S.C. § 203(e).

8.      Each Plaintiff has consented to become a member of this action pursuant to 29 U.S.C. § 216(b).

9.      The District is a quasi-municipal corporation located in Lincoln, Rhode Island.

10.     The District is an employer within the meaning of 29 U.S.C. § 203(d).

## FACTUAL BACKGROUND

11.     The District was created on or about June 1, 1882, when the General Assembly adopted "An Act to Incorporate the Lonsdale Fire District, Prospect Hill" ("the Act").  On April 27, 1931, the Act was amended to change the District's name to the "Lonsdale Fire District."

12.     Pursuant to the Act, the District has the ability to sue and be sued and enjoy the other powers generally incident to corporations.

13.     The District operates the Lonsdale Fire Department.

14.     At all relevant times, the District employed Plaintiffs as Firefighters.

15.     Local 3023, International Association of Fire Fighters, AFL-CIO ("the Union") is the sole and exclusive collective bargaining representative of the permanent fulltime firefighters of the District, with the exception of the Chief of the Fire Department.  Plaintiffs, and each of them, belong to the Union.

16.     The Union and District are subject to a collective bargaining agreement ("CBA"), governing Plaintiffs' terms and conditions of employment.

17.     Pursuant to Section 2 of Article XXVII of the CBA, at all relevant times, Plaintiffs were paid on a salary basis for their regular hours.

18.     In addition to their regular salary hours, Section 3 of Article XXVII of the CBA provides that covered firefighters "will be allowed to sign up for voluntary extra shifts as a callman and will receive additional compensation at a rate that is equal to any callman which would have worked those same hours."  Section 3 further provides that covered firefighters "may voluntarily respond to an alarm and will be compensated at the same rate which other callman [sic] would from responding to the same alarm."

19.     During the relevant period, Plaintiffs routinely signed up for, and worked, voluntary extra shifts and responded to alarms as set forth in Paragraph 18.  Plaintiffs were paid at a rate of $11 per hour when they performed this work.

20.     Pursuant to 29 C.F.R § 553.30 (c)(3), "public safety employees taking on any kind of security or safety functions within the same local government," including time spent as callmen, must be compensated for overtime if the employee's combined number of salary and call hours exceeds forty (40) hours per week, or fifty-three (53) hours per week if the 29 U.S.C. § 207(k) exemption applies.

21.     The District has not adopted the 207(k) exemption.

22.     During the period July 27, 2013 through the present, Plaintiffs periodically worked in excess of forty (40) hours per week.

23.     During the period July 27, 2013 through the present, Plaintiffs periodically worked in excess of fifty-three (53) hours per week.

24.     During the period July 27, 2013 through the present, the District failed or refused to pay Plaintiffs time-and-a-half for all hours worked in excess of forty (40) hours per week as required by 29 U.S.C. § 207.

25.     During the period July 27, 2013 through the present, the District failed or refused to pay Plaintiffs time-and-a-half for all hours worked in excess of fifty-three (53) hours per week as required by 29 U.S.C. § 207.

26.     Pursuant to Section 1 of Article XXVII of the CBA, the District was required to pay Plaintiffs "for extra hours worked in excess of the normal work day.  Such pay shall conform to the FLSA and may consist of time and one half (1 ½) wages or compensatory time, at the rate of time and one half (1 ½), at the employees [sic] election."

27.     Pursuant to Section 1 of Article XXVII of the CBA, at the time they were separated from employment, Plaintiffs had unused, accrued compensatory time remaining.

28.     Upon the termination of their employment, the District failed to pay Plaintiffs for their accrued, unused compensatory time as required by 29 U.S.C. § 207(o).

29.     Defendant failed to maintain a complete and accurate record reflecting the total number of regular and overtime hours worked, and all wages earned by and paid to Plaintiffs as required by 29 U.S.C. § 211(c).

30.     Defendant violated and continues to violate the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiffs all overtime compensation due them under the FLSA and its implementing regulations.

## CLAIMS FOR RELIEF

### Count I:  Violation of the Fair Labor Standards Act
### Failure to Pay Overtime

31.     Plaintiffs restate, re-allege, and incorporate by reference Paragraphs 1 through 30

above.

32.     As described in the preceding paragraphs, Defendant suffered and permitted Plaintiffs to routinely work more than forty (40) hours a workweek without overtime compensation.

33.     As described in the preceding paragraphs, Defendant suffered and permitted Plaintiffs to routinely work more than fifty-three (53) hours a workweek without overtime compensation.

34.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income.  Plaintiffs are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

35.     Defendant's failure to pay compensatory wages constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Defendant knew or should have known that its failure to pay overtime was in violation of the FLSA.

## Count II:  Violation of the Fair Labor Standards Act
### Failure to Pay Compensatory Time Off

36.     Plaintiffs restate, re-allege, and incorporate by reference Paragraphs 1 through 35 above.

37.     As described in the preceding paragraphs, upon Plaintiffs' termination, Defendants failed to pay Plaintiffs for the unused compensatory time they accrued pursuant to Section 1 of Article XXVII of the CBA.  In so doing, Plaintiffs violated the FLSA, 29 U.S.C. § 207(o).

38.     Plaintiffs are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

39.     Defendant's failure to pay accrued compensatory time constitutes a willful

violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Defendant knew or should have known that its failure to pay Plaintiffs' for their accrued compensatory time was in violation of the FLSA.

WHEREFORE, Plaintiffs respectfully request that this Court:

a.     Enter declaratory judgment that Defendant has willfully and intentionally violated its statutory obligations and deprived Plaintiffs of their entitlement under the law, as alleged herein;

b.     Order Defendant, under the supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate accounting of all FLSA time and corresponding payment due to each Plaintiff for hours worked since July 27, 2013;

c.     Enter judgment under FLSA Section 216 against the Defendant for all sums found due each Plaintiff;

d.     Award each Plaintiff monetary liquidated damages equal to their unpaid FLSA compensation, plus interest;

e.     Award Plaintiffs their reasonable attorney's fees and costs of this action to be paid by the Defendant; and

f.     Grant such other and further relief as the court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs pray trial by jury on all issues triable by right to a jury.

Plaintiffs,
By their attorney,


/s/ *Elizabeth Wiens*
Elizabeth Wiens, Esq. (#6827)
Gursky|Wiens Attorneys at Law, Ltd
420 Scrabbletown Rd., Ste. C
North Kingstown, R.I. 02852
Tel. (401) 294-4700
Fax. (401) 294-4702