UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PATRICK GORMAN, MICHAEL LaBONTE,
ADAM PONTIBRIANT & THOMAS RYAN

v.                                                                                          CASE NO. 16-422M

LONSDALE FIRE DISTRICT

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiffs Patrick Gorman, Michael LaBonte, Adam Pontibriant, and Thomas Ryan (collectively, the "Plaintiffs"), and Defendant Lonsdale Fire District (the "Defendant") respectfully submit this Memorandum of Law in Support of their Joint Motion to Approve Settlement Agreement attached hereto as Exhibit 1 (the "Settlement Agreement"). Plaintiffs and Defendant are collectively referred to as the "parties." The parties seek an Order of the Court approving the Settlement Agreement and dismissing Plaintiffs' claims against the Defendant with prejudice and without costs, attorneys' fees, or interest and waiving all rights of appeal.

In further support of this Joint Motion, the parties state the following:

1.  The parties are seeking Court approval of their Settlement Agreement because Plaintiffs allege, among other counts, a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"). Based on a recent Second Circuit case, and recent unpublished decisions from the District of Massachusetts, it appears that Court approval may be required when settling a FLSA claim. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199, 206 (2d Cir. 2015); *see also Singelton v. Mobility Servs., LLC*, Civil Action No. 1:15-cv-11864-ADB, 2015 U.S. Dist. LEXIS 153243, at *2 (D. Mass. Nov. 10, 2015) (citations omitted) ("The private settlement of FLSA claims requires the approval of either the Department of Labor or the district

court"); *David M. Fasano v. Vantage Point Bank, et al.*, Civil Action No. 13-cv-13124-IT (D. Mass. January 8, 2016).

    2.     When parties bring a proposed settlement of an FLSA claim before a court, the court must determine whether it is a fair and reasonable resolution of a bona fide dispute. *D.A. Shulte, Inc. v. Gangi*, 328 U.S. 113, n. 8 (1946); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354-55 (11th Cir. 1982); *Jarrard v. Se. Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). If a settlement in an FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354; *see also Singelton*, 2015 U.S. Dist. LEXIS 153243, at 4 (citation omitted).

    3.     "When determining whether a proposed settlement is fair and reasonable, courts consider the 'totality of the circumstances,' which may include such factors as '(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.'" *Singelton*, 2015 U.S. Dist. LEXIS 153243, at *4-5 (citation omitted).

    4.     Plaintiffs, who are former employees of the Defendant, allege they are owed, collectively, approximately $113,000 in unpaid wages, plus $226,000 in liquidated damages, and attorneys' fees of $30,000. Defendant denies all liability on the claims brought by Plaintiffs. Defendant submits that Plaintiffs are not owed any wages under federal, state, or common law.

5. To avoid the uncertainty and costs of litigation, Defendant has agreed to pay Plaintiffs the amounts set forth in the Settlement Agreement. The settling parties have agreed that, in exchange for this payment, Plaintiffs' claims will be dismissed with prejudice without costs or attorneys' fees, or interest, and with waiving all rights of appeal.

6. The parties have already executed the Settlement Agreement.

7. The settlement agreement is a by-product of settlement negotiations by experienced and competent counsel. Both parties assert that the settlement is fair and reasonable.

WHEREFORE, the parties respectfully request that this Court enter an order approving the Settlement Agreement, dismissing Plaintiffs' claims against Defendant as to all counts and all claims with prejudice and without costs, attorneys' fees, or interest and waiving all rights of appeal.

Respectfully submitted,

| | |
|---|---|
| PLAINTIFFS PATRICK GORMAN, MICHAEL LaBONTE, ADAM PONTIBRIANT & THOMAS RYAN | DEFENDANT LONSDALE FIRE DISTRICT, |
| By their attorney, | By its Attorneys, |
| By: /s/ Elizabeth Wiens, Esq._____ Elizabeth Wiens, Esq. Gursky Wiens Attorneys at Law, Ltd. 420 Scrabbletown Road, Suite C North Kingstown, RI 02852 401-294-4700 401-294-4702 (fax) EWiens@rilaborlaw.com | /s/ Timothy C. Cavazza_____ Timothy C. Cavazza (#8079) WHELAN, CORRENTE, FLANDERS, KINDER & SIKET LLP 100 Westminster Street, Suite 710 Providence, RI  02903 (401) 270-4500 (401) 270-3760 (fax) tcavazza@whelancorrente.com |

Dated: May 10, 2017

## CERTIFICATE OF SERVICE

    I hereby certify that on May 10, 2017, a copy of the foregoing was filed electronically pursuant to LR Gen 102(b) and electronically delivered to all counsel of record in this matter.

                                                  /s/ Timothy C. Cavazza

00025931.DOCX